M. SCHORNAK v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

November 24, 1905.

Nos. 14,504—(85).

**Cause of Fire.**

The evidence justified the jury in finding that the fire was not caused by the instrumentality of the insured, and that he did not fail to make reasonable effort to save the property insured.

**Evidence.**

The court did not abuse its discretion in refusing to receive evidence to the effect that the insured had scattered oil on the walls of his living rooms, situated fifty feet distant from the barn. It was a collateral matter, having no direct bearing on the point at issue.

**Charge to Jury.**

The court instructed the jury that, in considering the defense, they should be satisfied by a preponderance of the evidence that respondent either directly or indirectly caused the fire; and in stating that the court had so often explained to them the meaning of "preponderance of evidence," it was not necessary to dwell upon it. This was not error, for it will be presumed that the jury understood what was meant by a preponderance of the evidence, and, if counsel for appellant had any doubt upon that subject, it was necessary to call special attention to it, under the rule of Steinbauer v. Stone, 85 Minn. 274.

**Amount of Recovery.**

It was not error to instruct the jury that, if they found for respondent, it should be for the entire amount of the policy; no issue having been made by the defense at the trial that it was entitled to any reductions by reason of the fact that the insured did not take reasonable steps to preserve the property after the fire started.

Action in the district court for Otter Tail county to recover $850 upon a fire insurance policy. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $767. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*M. J. Daly* and *How, Butler & Mitchell,* for appellant.
*Chauncey L. Baxter* and *Parsons & Brown,* for respondent.

[1] Reported in 104 N. W. 1087.

LEWIS, J.

Respondent held a policy of insurance in appellant company—$500 on his barn, $300 on horses (not exceeding $60 per horse), and $50 on vehicles and other miscellaneous articles contained in the barn. A fire having occurred, this action was brought to recover the amount of the loss. Appellant set up three defenses: That the policy had been canceled; that the fire had been set by the instrumentality of the insured; that after the barn was set on fire, the insured fraudulently, and contrary to the terms of the policy, failed to make reasonable exertions to save and protect the property, by reason of which neglect the same was unnecessarily destroyed. At the trial the first defense was abandoned, and the jury returned a verdict for the respondent.

1. Appellant made no claim at the trial that the property was insured for more than its value, and objected to evidence to that effect, upon the theory that the insured caused the property to be burned, not for any pecuniary benefit, but as the result of spite work, growing out of trouble with his wife or family. Respectable citizens of the town testified that the wife had made declarations in their presence to the effect that her husband had made preparation and threats to burn up the premises, and there was some testimony tending to show that the wife had left the house about midnight a night or two previous to the fire, and had stated to a neighbor that her husband threatened to burn up the house; that the husband was up early on the morning of the fire, and that he did not make reasonable efforts to save the property in the barn. All this evidence was expressly denied by the insured and his wife, or explained in such manner as to make it a question for the jury to determine wherein the truth was. Having considered all of the evidence bearing upon the question of the insured's guilt in setting fire to the barn, as well as in not making the proper effort to save his property, we find no reason to interfere with the conclusions of the jury.

2. Appellant called a witness, who had examined the living rooms of the insured immediately after the fire, and asked him to describe their condition, and, the same having been objected to, offered to prove that the rooms were saturated with kerosene oil. The offer was objected to, and the ruling sustaining the objection is assigned as error. The trial court took the position that it was proper to prove any statements

or declarations that might have been made by either the insured or his wife with reference to the presence of oil in their living rooms, and that the insured had threatened to burn the premises; but limited the inquiry to such statements, and did not permit any of the witnesses to testify to what they saw concerning the conditions of the walls. The barn was located some fifty feet distant from the house, and there was no evidence of any direct threat to burn the barn. There was nothing to indicate, even if the insured had made some preparation to burn the house, that it was his purpose to burn the barn. Consequently, the matter referred to was collateral, and only indirectly had bearing upon the main issue. Such being the case, it was within the discretion of the trial court to limit the inquiry, in order to prevent the introduction of irrelevant and collateral matters, which would tend to confuse, rather than elucidate, the subject under consideration. McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497.

3. Appellant's third request was not given by the court in exact terms, but was, in substance, covered by the general charge, and it was not error to specifically refuse it.

4. The court charged the jury as follows:

> Now upon that issue, upon that defense, the defendant here has the affirmative, and must satisfy you by a preponderance of the evidence that this plaintiff either directly or indirectly caused the destruction of that building by that fire, in order to entitle it to the defense it has set up. I have so often explained to you what preponderance of evidence is in such cases that I do not deem it necessary to dwell upon it here.

Exception was taken to this charge, upon the ground that the court did not inform the jury what it meant by a "preponderance of evidence." There was no error in this respect, for it must be assumed that the jury understood what the court meant by a preponderance of the evidence, and, if counsel for appellant was not satisfied on that point, it was his duty to call special attention to it, under the rule in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 784, and Applebee v. Perry, 87 Minn. 242, 91 N. W. 893.

5. The court did not err in charging the jury that if respondent was entitled to recover anything, he was entitled to recover $730 and

interest. The object of this charge is based upon the claim that it withdrew from the jury consideration of the defense which had been interposed in the answer, to the effect that the insured did not reasonably exercise himself to save the property, and hence the company was entitled to have a reduction of whatever amount might have been lost by reason of such conduct. It is sufficient to say that the cause was not tried upon that theory. No evidence was offered by appellant to show the value of any property which it claimed might have been saved, and, on the other hand, when respondent offered evidence of the value of the property, in order to show that it exceeded the amount of the policy, appellant objected thereto. The court instructed the jury that if they should find the insured, without any excuse, stood by and permitted property to burn which he knew he could save without injury to himself, such conduct would constitute a fraud upon appellant, and if the jury should so find, their verdict must be for appellant. This request was given upon the suggestion of appellant, and sufficiently defined its attitude during the trial, and the court was justified in submitting the case to the jury upon the theory that, if appellant were liable at all, it was for the whole amount of the policy.

Order affirmed.