## STATE v. FRANK FREDEEN.[1]

April 30, 1926.

No. 25,448.

**Conviction for arson sustained by circumstantial evidence.**

1. Although circumstantial, the proof of defendant's guilt of arson is sufficient to sustain conviction.

**Misconduct of prosecutor without prejudice.**

2. It was misconduct for the county attorney to inquire on cross-examination of defendant whether he had been charged with a stated crime, the prosecutor knowing that there had been no conviction. However, the whole transaction was gone into in defense and explained in detail. So the misconduct of the prosecutor must now be considered as without prejudice.

Criminal Law, 16 C. J. p. 271 n. 41; p. 892 n. 5; p. 929 n. 86; 17 C. J. p. 298 n. 22.

Defendant appealed from an order denying his motion for a new trial, Stolberg, J., after conviction in the district court for Chisago county of the crime of arson in the third degree. Affirmed.

*William S. Ervin* and *Howard D. Blanding*, for appellant.

*Clifford L. Hilton*, Attorney General, and *S. Bernard Wennerberg*, County Attorney, for respondent.

[1]Reported in 208 N. W. 653.

STONE, J.

Upon trial for arson in the third degree there was a verdict of guilty and defendant appeals from the order denying his motion for a new trial. The only assignments of error which require attention are those which challenge the sufficiency of the evidence and charge the county attorney with misconduct of a nature prejudicial to defendant.

The crime was the attempted burning in the night-time, of a barn belonging to one Dibble and situated on his farm some two and one-half miles northwest of Taylors Falls. The evidence of defendant's guilt is wholly circumstantial. But in our judgment the jury could well conclude that it excluded every other hypothesis than that of defendant's guilt. There was some motive in a grudge which the evidence tends to show defendant harbored against Dibble and which arose out of the latter's acquisition of his farm. Defendant for a time held it under a contract. He had resold to Dibble, but being unable to make his own payments was "canceled out" by the then owner, from whom Dibble has since acquired the place.

There was no eye-witness, but somebody did a good job of tracking. Footprints were found in the immediate vicinity of the fire which were followed for over two miles and almost directly to defendant's home in Taylors Falls. They were quite convincingly identified as those made by defendant's shoes. Kerosene was used in setting the fire and also a home-made torch composed of cardboard and cotton batting. Defendant was found to have in an old and discarded lounge a supply of upholterers' cotton batting which the witnesses said corresponded with that out of which the torch was made and which was found in a partially burned condition in the Dibble barn. Some of the padding had been removed from the old lounge recently. It should be explained that the wakefulness of Mrs. Dibble resulted in the discovery of the fire within a matter of moments after it had been started. It was in the chute between barn and silo. Mr. Dibble, being wise enough to have his dwelling equipped with at least one efficient chemical fire extinguisher, was able by prompt action to subdue the fire before it made any head-

way. That explains how even the torch which had been used as a lighter was found so far intact that it was an important bit of evidence at the trial.

In substance and many important details, the evidence for the state is different from and very much stronger than that considered in any of the cases relied upon for reversal. Among them are State v. McLarne, 128 Minn. 163, 150 N. W. 787; State v. Jacobson, 130 Minn. 347, 153 N. W. 845, and State v. McCauley, 132 Minn. 225, 156 N. W. 280. In the McLarne case it was considered that the evidence was "too attenuated" to prove even the corpus delicti. The conviction of Jacobson depended largely upon footprint evidence. It was considered insufficient because the tracks were not "shown to correspond with the foot or footwear of the accused." In the McCauley case there was no motive and this court felt that even the corpus delicti was not satisfactorily proved. There was no such prompt and persuasive trailing of the defendant as we have in the instant case.

Here, the fire was clearly of incendiary origin. The tracks, upon the evidence of which the conviction largely depends, were shown to correspond with most unusual detail to those made by defendant when walking in the shoes he was wearing at the time. The diamond shaped trademark had been worn from the rubber heel of the left shoe but remained in raised design on the other. The impression of it or one that might well have been made by it was found in the right but none in the left footprints which were followed from the Dibble barn to defendant's home. Even the half soles on his shoes were found to correspond precisely with the half sole impressions which characterized the trail.

We are mindful of the force of the evidence of the previous good character and high standing in his own community of this defendant. That evidence has its weight but it was for initial appraisal by the jury. It did not give them a reasonable doubt of defendant's guilt and we are not in a position formally to disagree, particularly since the trial judge has confirmed the verdict by denying a new trial.

We regret the comment which, unanimously, we feel the case demands concerning the conduct of the county attorney. He asked defendant on cross-examination whether he had ever been charged with grand larceny. There had been no such conviction and the county attorney well knew it. It was flagrant misconduct and particularly regrettable because committed by a legal representative of the state while prosecuting a citizen charged with crime. If the record stopped there, we might reverse because, the circumstantial nature of the proof against defendant considered, we might not be able to say that the misconduct was without prejudice. But later in the trial counsel for defendant went into the whole transaction concerning which the county attorney had inquired. Not only was his conviction negatived but defendant himself explained the whole matter in detail. So the misconduct of the prosecutor must now be held without prejudice to defendant. State v. Rutledge, 142 Minn. 117, 171 N. W. 275. In this case, upon learning that the charge so improperly referred to by the county attorney had never resulted in conviction, the learned trial judge, with commendable promptness and emphasis, instructed the jury to disregard the whole incident.

Order affirmed.