## STATE v. ABRAHAM ROSENSWIEG.[1]

October 15, 1926.

No. 25,472.

**Conviction for arson.**

Defendant appealed after conviction of third degree arson and upon examination of record, *held*:

**Verdict sustained.**

(1)  Evidence sufficient to sustain verdict.

**Objection to evidence insufficient to raise question intended.**

(2)  An objection of incompetent, irrelevant and immaterial to introduction of sworn statement of defendant to state fire marshal under provisions of G. S. 1923, §§ 5957-5958, does not present question whether or not statement was an involuntary one which defendant was required to give against himself.

**Testimony of experts admissible.**

(3)  There was no error in receiving the testimony of expert witnesses.

**Evidence admissible on question of motive.**

(4)  It was competent for state to prove condition of defendant's bank accounts, presence of bill collectors at his place of business and his outstanding obligations as relevant to motive.

**Counsel should call attention to court's inadvertent statement in charge.**

(5)  It was duty of counsel to call court's attention to an inadvertent statement in charge to jury.

**Instruction not argumentative.**

(6)  Instruction to jury was not argumentative or prejudicial.

**Defendant not entitled to instruction on malicious mischief.**

(7)  Defendant was not entitled to an instruction permitting a conviction for malicious mischief.

[1]Reported in 210 N. W. 403.

**Defendant not entitled to new trial.**

(8)   Upon facts stated in opinion defendant was not entitled to new trial on ground of misconduct of counsel.

Arson, 5 C. J. p. 555 n. 30 New; p. 573 n. 23; p. 577 n. 83 New; p. 580 n. 16; p. 584 n. 86 New.

Criminal Law, 16 C. J. p. 748 n. 50; p. 875 n. 19; p. 1036 n. 62; 17 C. J. p. 62 n. 94; p. 64 n. 3; p. 170 n. 12, 13; p. 341 n. 85.

Defendant was convicted in the district court for Ramsey county, Michael, J., of the crime of arson in the third degree. He appealed from the judgment and from an order denying his motion for a new trial.   Affirmed.

*Gustavus Loevinger* and *Othniel Brandt*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Harry H. Peterson*, County Attorney, and *Oswald A. Blanchard*, Assistant County Attorney, for the state.

WILSON, C. J.

Defendant having been convicted of third degree arson appealed from an order denying his motion for a new trial.

1.   Evidence tending to sustain the verdict includes:   Defendant operated a paint and paper shop at 142 North Dale street in St. Paul.   At about 6 o'clock A. M. October 24, 1925, there was an explosion in the building which blew out the front windows.   Immediately the place was a mass of flames.   There was no gas or electricity therein.   Defendant was at his place of business at an unusual hour when his employes were necessarily absent.   He was present when the fire started.   His explanation is not satisfactory. He made the claim in his statement to the fire marshal and on the trial of the case that on the morning of the fire he went to his place of business early to prepare a couple of gallons of paint for a customer; that he lighted a candle and started to mix the paint, having one can containing about a quart of oil, a quart or two of benzine and about a pint of turpentine, in another can about one gallon of white lead and oil and in another can about a half gallon of white lead mixed with benzine and turpentine.   He had a small

can of lamp black on the floor, it being his claim that he was preparing to make gray paint. He said that on the floor he had a can of turpeline, which is a substitute for turpentine, and also another can containing some oil. He also said that the candle was on a counter and that he was stooping over the cans on the floor mixing the paint. The customer for whom he was preparing the mixture came in. Defendant said that he turned to get the white lead and a flame came into his face and he got excited and ran out. The unproduced stranger, for whom he says he was preparing the mixture, was unknown to him and has not been seen since. It is difficult to explain how an explosion would blow out the front of the building, as it did, without harming two men in the front room unless they had warning and in anticipation protected themselves. It was peculiar for defendant to run away from his place of business when it needed protection. He knew that an efficient fire department was near by. He did not send in an alarm. Others did. He says he was excited. But why should the stranger also disappear? Conflagrations usually attract the innocent. Flight is significant.

Defendant left his keys in the front door. He ran around behind his building. Why? There is but one answer. Why should the stranger become so excited that he too should flee? On leaving the building defendant looked back and saw the fire. He went home. Later he went to the home of his mother-in-law. He told others that he was in Minneapolis when his place burned. He remained away from his place of business all day, apparently not interested in the salvage if the fire department were successful. He carried $2,000 fire insurance on stock worth between $2,000 and $2,200. He owed $816.24 and had $35.44 in the bank. There is testimony tending to show that an explosion would not occur under the circumstances claimed by defendant, and that the explosion which threw parts of the building 60 to 100 feet was so great it could not have come from gases generated in mixing a small quantity of paint. By reasonable inference the jury could conclude that the explosion would not have occurred otherwise than by design.

We are of the opinion that the evidence is sufficient. It permitted the jury to say that the fire was of incendiary origin. Indeed, the evidence is sufficient to establish this essential element without considering the statement of the accused which was not put in evidence for that purpose. It also permitted a finding that defendant was guilty. Circumstantial evidence is sufficient to establish both elements of the offense. State v. Tuomi, 167 Minn. 74, 208 N. W. 528; State v. Fredeen, 167 Minn. 234, 208 N. W. 653; State v. McLarne, 128 Minn. 163, 150 N. W. 787.

2. The state fire marshal pursuant to §§ 5957-5958, G. S. 1923, examined defendant under oath relative to the fire. The examination was taken in shorthand and later transcribed. Upon the trial the state put the sworn statement in evidence over the objection of defendant that it was irrelevant, immaterial and incompetent. The claim is made that defendant was thus required to give evidence against himself contrary to the Constitution and our statutes. The argument attacks the admissibility of this evidence on the theory that it was an involuntary statement which defendant was compelled to make. We cannot consider this claim for the simple reason that the objection interposed did not raise this question. It was the duty of defendant to make his objection show this particular ground if he desired to raise it here. State v. Shansy, 164 Minn. 10, 204 N. W. 467.

3. The state called witnesses, Gydesen and Mahlum, two experienced painters, who testified that the mixture in question near the candle would not cause an explosion. The purpose of this testimony was apparently to show the impossibility of the fire starting in the way claimed by defendant. This testimony was received over the objection of defendant. The objection included many grounds but particularly that the inquiries were not directed to any particular strength, quality or character of the ingredients nor to the temperature of the ingredients or atmosphere. These elements did not appear in the record. If their absence would materially affect the credibility or probability of the conclusion of the witness it would be shown on cross-examination. It was not a reason for excluding the opinion of the well qualified witnesses.

4. It was competent for the state to prove by defendant's employe that he carried one bank account in the name of Grinsberg and another in the name of F. Rosenswieg. It was also proper to show the frequency with which bill collectors called, all as bearing upon the question of motive. For the same purpose it was competent for the state to prove, as it did, that on the day of the fire defendant had a balance in one of his bank accounts of $32.74 and in the other $2.67. The state also was permitted to prove on cross-examination of defendant his outstanding obligations. This was relevant to motive.

5. Error is assigned as to that portion of the charge to the jury wherein the court said:

"The state also claims that the defendant had at least insurance sufficient to cover the full value or more of the stock that was in his store * * * that the defendant was owing unpaid bills amounting, I think, to something like six hundred or eight hundred dollars, and * * * had less than $40 to his credit in the bank."

The court was merely referring to some of the claims of the state which tended to show motive and the reference to the insurance being sufficient to cover substantially the full value was fully supported by the record. Whether the court should have used the words "or more" is questionable but obviously they were used inadvertently and, if not technically proper, it was the duty of defendant to call the court's attention thereto in order that they might be corrected or at least to interpose an exception which was not done. Defendant's claims in this respect are not substantial but fanciful.

6. Defendant with some earnestness urges that the trial court in stating the claims of the state emphasized those elements which tended to characterize the charge as an argument for the state. The claim has been seriously urged, with great respect for the learned trial court, and the brief and oral argument extensively point out in the language used by the court, words and expressions in support of such claim. A thorough consideration of the record and charge leads us to the conclusion that the words and phrases of the trial

court were necessarily used. Such an argument can usually be made in any criminal case. It disregards that portion of the court's charge to the jury given in stating the claims of the defendant. It is urged that the charge was prejudicial in that the court, relative to defendant leaving the building, said: "He halted two or three moments and then went to his home." The defendant's testimony was: "I stood there a few minutes." This discrepancy, if it is one, is of such trivial character that it cannot be regarded as affecting the substantial rights of defendant.

7. The defendant was not entitled to an instruction permitting a conviction of the crime of malicious mischief under G. S. 1923, § 10415. If he was guilty of anything it was the charge made as defined by G. S. 1923, § 10311, subd. 2. There was no chance for a conviction of any crime to the exclusion of arson. Malicious mischief negatives circumstances amounting to arson. It cannot be regarded as a lesser degree or embraced within the crime of arson.

8. In cross-examination of defendant the state's counsel put this question: "Q. When you had that other fire you went into the building, didn't you?" Objection was sustained. This inquiry is now assigned as misconduct of counsel. It was improper and the question should not have been asked. The record does not disclose any other fire. No request was made of the trial court to instruct the jury to disregard it and we cannot infer that any serious consequences would result therefrom. It is also urged that counsel was guilty of misconduct in redirect examination of defendant's clerk who was called as a witness by the state in referring to her as an "adverse witness." Whether she was in fact an adverse witness, the record does not disclose and it would seem that such a reference was without prejudice.

Other assignments of error have been considered and found without merit.

Affirmed.