## JOHN BARICH v. PENNSYLVANIA FIRE INSURANCE COMPANY.[1]

May 25, 1934.

No. 29,925.

[1]Reported in 255 N. W. 80.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Samuel Lipschultz* and *Carl W. Cummins,* for respondent.

*STONE, Justice.*

Action on a fire insurance policy wherein, after verdict for plaintiff, defendant appeals from the order denying its motion for a new trial.

The policy covered a dwelling house, in the outskirts of St. Paul, owned by plaintiff. The building was destroyed by fire about three o'clock a. m. August 27, 1932. The insurance coverage was $6,000 on the building and $1,000 on the contents. There was an adjustment under a nonwaiver agreement whereby the sound value of both dwelling and contents was fixed and the damage to the dwelling settled at $5,410.02 and that to the contents at a sum in excess of $1,000. A verdict was directed for plaintiff for the damages so liquidated, with interest. The propriety of that peremptory instruction for plaintiff is now challenged.

That the fire was of incendiary origin is established. But the burden of proving that plaintiff was guilty of the arson was upon defendant. We agree with the learned trial judge that the evidence, wholly circumstantial, was insufficient to sustain that burden as matter of law. The agreement between plaintiff and defendant fixing both sound value of and damage to the insured property was just as binding as it would have been in the form of a stipulation in the case. It bars any claim of overinsurance. The value of the dwelling was fixed at $7,500 and that of the contents at $2,500, a total of $10,000. So plaintiff stood to lose at least $3,000 by his own act if it be assumed momentarily that he was the incendiary. It may be that the agreement fixing sound value and damage was ill advised on the part of the adjuster for defendant, but it stands and is binding upon defendant nevertheless.

Without so deciding, we assume that a fact issue was made by evidence as to whether one or more members of defendant's family

were guilty, or at least had guilty knowledge, of the cause of the fire. Even so, there is no evidence to connect plaintiff with the arson. That conclusion, essential to the success of defendant, is at best left in the realm of speculation. To illustrate the fatal weakness of defendant's case, reference may be made to testimony that the radiator of an automobile on the premises was found warm at the time of the fire. That does not tend to show plaintiff's guilt, because there is absence of evidence that the machine had recently been in use by plaintiff or anyone under his direction or with his connivance.

For defendant there is mistaken reliance upon the statement from Burud v. G. N. Ry. Co. 62 Minn. 243, 245, 64 N. W. 562, 563, that:

"The fact that there is no conflict in the testimony does not make the case one for the court instead of the jury, if the evidence is for any cause inconclusive in its nature,—as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful."

The plaintiff there had proved that the fire which destroyed his property was set by a locomotive of defendant. In addition, he had the benefit of the statutory presumption (1 Mason Minn. St. 1927, § 4932) that the fire was negligently set. So he had the benefit of a rather strong *prima facie* case. The language above quoted was in explanation of the holding that the defendant's evidence was insufficient to overcome it so as to require a peremptory instruction for defendant. Here the set-up is just the opposite. Defendant did not make a *prima facie* case. Instead of having the aid of any presumption, its claim was opposed by the presumption of defendant's innocence. So in order to get to the jury defendant had to do more than show some circumstances consistent with its claim that plaintiff was the incendiary. Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434. It had to show not only that the fire was set but that plaintiff was intentionally responsible for its setting. As matter of law its defense was not sustained unless plaintiff's complicity was indicated by the evidence to such an extent as to support a reasonable inference of his guilt. Failing in that as it did,

the evidence was not inconclusive but, on the contrary, conclusive against defendant for the simple reason that upon it was the burden of proof. Circumstances which merely create suspicion but do not justify affirmative and reasonable deduction are not enough to sustain decision against the negative.

Order affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon pardon board, took no part.

[1]Reported in 255 N. W. 87.