STATE, Respondent, v. PORTER, et al, Appellants.

(262 N. W. 94.)

(File No. 7515.  Opinion filed July 23, 1935.)

*P. J. Donohue,* of Bonesteel, and *W. J. Hooper,* of Gregory, for Appellants.

*Walter Conway,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

RUDOLPH, J. ■ More than three and one-half years have expired since this case was tried in the circuit court.  The case was not at issue in this court until May 24, 1935, and was tried in the

circuit court in October, 1931. Fifteen stipulations extending the time for filing briefs are on file with the clerk of this court. Two of these stipulations extended time to appellants to file their brief, while thirteen extended time to the state to file its brief. Were this situation unusual, we would refrain from any comment; however, this situation is not unusual. This practice of extending time for filing of briefs, and consequent delay in getting a case at issue in this court, has gone to such an extent that we have deemed it advisable and necessary to amend the rules of the Supreme Court by adding thereto section 17-A, which section is as follows: "17-A. No stipulation purporting to extend time for serving and filing briefs by either party upon appeal tendered to the Clerk of the Supreme Court after October 1, 1935, shall be accepted or filed by said clerk, or have any validity or affect whatever unless the same is first approved and ordered filed by the Presiding Judge of this Court by endorsement in writing over his signature." We refer to the fact of the amendment of the rules in this opinion, that the attorneys might generally be advised thereof, and call particular attention to the fact that the amended rule includes civil as well as criminal cases.

The appellants were informed against jointly with one Marian B. Starcher. The information contained two counts. Count one of the information charged the defendants with willfully, maliciously, wrongfully, and feloniously setting fire to and causing to be burned a certain building situated in Fairfax, Gregory county, S. D. Count two of the information charged the defendants with willfully aiding, counseling, and procuring the burning of the said building. The defendant Marian B. Starcher was acquitted on both counts, while the appellants were found guilty under count one.

The evidence discloses a state of facts substantially as follows: Marian B. Starcher was the wife of one Edwin M. Starcher. Edwin M. Starcher was the owner of a certain building known as the "Starcher Block" located in the town of Fairfax, which is the building in which the fire occurred. The ground floor of this building was divided into storerooms, and the second floor was occupied partly by a moving picture theater, and the balance was divided into rooms suitable for a hotel or rooming house. The defendant Marian Starcher, some time prior to the fire, conducted

a rooming house on the second floor of this building. However, in October, 1930, the rooming house business was abandoned, and the portion of the building in which this business was conducted was unoccupied until the time of the fire, which occurred on January 25, 1931. From the facts it quite definitely appears that the fire was of an incendiary origin. The appellants, however, question the sufficiency of the evidence to connect them with the crime involved. The state relies upon the following circumstances. The defendant Helenbolt was a brother of the defendant Marian B. Starcher, and the defendant Porter a brother-in-law. At the time of the fire the building was insured for $15,000, was mortgaged for $5,000, upon which mortgage the interest was unpaid, and there was due and unpaid at the time of the fire taxes in an amount of $1,500. The defendant Porter lived in Gregory, and the defendant Helenbolt lived in Fairfax. Helenbolt had keys to the building and was helping Mrs. Starcher look after it, due to the fact that she had moved to the town of Wood some months before the fire. The defendant Porter would occasionally go with Mrs. Starcher to Fairfax and help her remove some of her belongings from the building. Two cans of ether were found in the rooms where the fire occurred, both bearing the cost mark used by Edwin M. Starcher in conducting his drug store at Wood. On the morning after the fire the deputy fire marshals went to Gregory and there located both defendants in the cream station being operated by the defendant Porter. The defendant Helenbolt testified that he left Fairfax about six o'clock the evening before and arrived in Gregory about eight o'clock, where he intended to stay the night, and the next day accompany the defendant Porter to Wood, where he (Helenbolt) was to do some carpenter work for Mrs. Starcher. The defendants were interrogated separately by the fire marshals regarding their whereabouts at the time of the fire, and they each told a story of staying in the cream station at Gregory until about midnight of the night of the fire, and then making a trip to Winner and returning from Winner about four o'clock in the morning. The details of this trip, as stated by the defendants, did not coincide in many particulars, and after a careful reading of this testimony we are convinced that the jury would be justified in concluding that the defendants were not truthful in their statements regarding their whereabouts at the time

in question. On the premises of Porter at Gregory were dishes and furniture taken from the rooms in the Starcher building where the fire occurred.

The above testimony is all of the testimony in the record which tends in any way to connect these defendants with setting this fire. It will be observed that the evidence fails to disclose that either of the defendants was seen in the town of Fairfax on the night of the fire. There is no evidence either direct or circumstantial to show that either defendant had been in the immediate vicinity of this building for several weeks prior to the time the fire occurred. The fact stands undisputed that the defendant Helenbolt left Fairfax at six o'clock the evening before the fire occurred. These two defendants were not interested in the insurance. There is no evidence to in any way connect these appellants with the cans of ether. The fact of finding dishes and furniture on Porter's premises the morning after the fire is entirely consistent with the undisputed fact that Porter was aiding Mrs. Starcher in removing her belongings from the Starcher building. The evidence disclosed that Mrs. Starcher, on several occasions, after leaving Fairfax, would go from Wood to Gregory by bus, and then go to Fairfax with Porter, who would assist her in her duties in connection with the building. During this time Mr. Starcher was seriously ill.

Were it not for the inconsistency in the statements of these defendants regarding their whereabouts at the time the fire occurred, we seriously doubt whether there would be any claim now made that this record is sufficient to sustain a conviction. However, the burden is upon the state to implicate the accused in the burning of this building, and evidence which merely raises a suspicion of guilt is not sufficient. The fact that these defendants lied (if they did lie) about their whereabouts on the night of the fire cannot, in the absence of other incriminating facts, sustain this conviction. The Montana court was confronted in the case of State v. Sieff, 54 Mont. 165, 168 P. 524, 525, with a situation similar to that now confronting us, and in the opinion filed in that case stated: "However obliquitous lying may be from a moral standpoint, it is not per se a crime in this state, and proof that defendant made false statements is not sufficient to show that he wilfully and maliciously set fire to the hay in question,

\* \* \* While this evidence would be material and relevant in corroboration of other incriminating facts and circumstances, it has little probative value standing alone. At most, it does not do more than cast a suspicion upon the defendant, and mere suspicions or probabilities, however strong, are not sufficient basis for a conviction."

■ It was the evident theory of the state in the trial of this case that the three defendants worked in harmony for the purpose of making available to the Starchers the insurance carried on the building. There is no evidence or claim on behalf of the state that Edwin M. Starcher was in any way connected with this fire. The state's theory was that Mrs. Starcher, her brother, and brother-in-law, conceived and carried out this crime. The acquittal of Mrs. Starcher on both counts destroys the whole theory of the state's case. So far as these appellants are concerned, there remains mains no motive for their alleged act. Obviously, where no benefit from insurance would accrue to accused, no inference of motive may be drawn from the fact that the building was insured. People v. Doneburg, 51 App. Div. 613, 64 N. Y. S. 438.

■ From a careful consideration of this whole record, it seems clear to us that the very meager facts upon which the state relies to connect these defendants with the crime charged, if consistent with the guilt of these defendants, are equally as consistent with their innocence. There further appears to be an entire absence of any evidence, either direct or circumstantial, showing these defendants anywhere near the scene of the fire at the time of its occurrnce or for days prior thereto. This conviction in our opinion cannot stand.

The judgment and order appealed from are reversed.

All the Judges concur.