STATE, Respondent, v. JOHNSON, et al, Appellants

(293 N. W. 822.)

(File No. 8347.   Opinion filed September 16, 1940.)

**Henry C. Mundt,** of Sioux Falls, and **John Connolly, Jr.,** and **C. I. McNutt,** both of Des Moines, Iowa, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **E. D. Barron,** State's Atty., of Sioux Falls, for Respondent.

RUDOLPH, J. Shortly after seven o'clock on the morning of March 9, 1939, an explosion demolished the front end of a truck which was parked on Spring Avenue in the city of Sioux Falls. Defendant was charged under the provisions of Section 4327, R. C. 1919 (SDC 13.1605), which provides: "Every person who willfully destroys or attempts to destroy by the use of explosives, any property real or personal, public or private, * * * not the property of such person, although the same is done under such circumstances as not to endanger the life or safety of any human being, shall be guilty of a felony * * *." The jury returned a verdict of guilty, and defendant has appealed.

The defendant for some time prior to March, 1939, had been an organizer for the Industrial Brotherhood of Teamsters, Stablemen, Chauffeurs and Helpers of America, Local 383, in Sioux City, Iowa, an affiliate of the American Federation of Labor. The truck in question was owned by a firm in Grand Island, Nebraska, which operated trucks quite extensively throughout Nebraska and several of the adjoining states. In 1937 the employees of this Grand Island concern who were members of the truckers union at Grand Island went on strike for approximately two weeks, and again in August, 1938, these employees struck for about three weeks, since which time the trucking concern has operated its trucks out of Grand Island, Nebraska, and employed union labor. On the evening of March 8th this truck in question left Grand Island with a union driver and arrived in Sioux Falls at approximately seven o'clock in the morning. The driver of this truck left it parked on Spring Avenue and, while he was in a restaurant eating breakfast, the explosion occurred. This Sioux City labor union owned a new Buick automobile bearing the Iowa license number 97-15947. The defendant and another man by the name of Fouts kept the keys to this car and used it in connection with union business, but the car was available for use by any of the officers of the union if they first obtained the keys from either the defendant or Fouts. The tollkeeper of the Yankton bridge testified that sometime after eleven o'clock p. m. on the night of March 8th, this car was driven

by defendant with Fouts as a passenger crossed the toll bridge at Yankton. A Mrs. Chaussee testified that on the morning of March 9th she was riding with her husband on Spring Avenue and, as they approached the point where the truck was later demolished, they were following a large black car, which had the appearance of being new. This car was described by Mr. Chaussee as a new Buick automobile bearing a Woodbury County license. Mrs. Chaussee testified that this car which they were following stopped suddenly along side of this truck, and that to avoid running into the car her husband applied the brakes on his car in such a manner that she "got quite a jolt"; these brakes were applied about fifteen feet behind the car which they were following, and her husband, without completely stopping the car, turned out and proceeded rather slowly around this Buick car; that she then observed the defendant sitting in the Buick automobile behind the steering wheel. She further testified that preceding the time her husband applied the brakes he was driving at a speed of thirty miles per hour; that, when the speed of the car was suddenly reduced, a pocketbook and notebook were jarred from her lap, her hat was pushed from its regular position on her head and, while going around this black automobile, she was adjusting her hat and recovering and replacing books which had slipped from her lap. After passing this car and going approximately eight blocks, Mrs. Chaussee got out of the car and entered the school building in Sioux Falls where she was teaching; after being in the building a few minutes she heard the explosion. Mrs. Chaussee had never seen the defendant before this occasion and testified to no identifying marks or characteristics from which she reached her conclusion. A few days following this incident Mrs. Chaussee was shown a group of five photographs among which was the photograph of defendant, which she identified as a picture of the driver of the Buick automobile. Thereafter the defendant was arrested at Sioux City and Mrs. Chaussee at a police "show up" at which the defendant appeared with several other men, identified the defendant as the driver of this Buick car.

Other witnesses testified to seeing various makes and types of cars within the vicinity of the explosion at about the time the explosion occurred. The defendant denied being in Sioux Falls at the time of the explosion, and asserted that at the time he was in Omaha.

There is no evidence that the defendant ever had any connection with the strikes at Grand Island; that he had ever been in Grand Island; or that he was interested in anyway in union activities in that city. Neither is there any evidence that the Grand Island concern had had any labor trouble since August, 1938. The testimony of the owner indicates that they were conducting their business during the month of March, 1939, in the usual manner and employing union labor.

■■ Appellant first contends that the placing of the defendant near the scene of the explosion on the morning the explosion occurred by the testimony of Mrs. Chaussee should be disregarded because it is alleged this testimony under all the circumstances disclosed is without probative value. It is a general rule that the question of identity is a question for the jury, as is also the credibility of the witness, or witnesses, testifying as to identity, and the weight to be given the testimony. 16 C. J. 774. However, we do not believe it necessary in this case to determine the sufficiency of Mrs. Chaussee's testimony. We may concede her testimony as being sufficient to identify defendant and as being sufficient to place him near the scene of the explosion shortly before its occurrence. Accepting the fact of defendant's presence in Sioux Falls as testified to by Mrs. Chaussee, we are of the opinion that the evidence still fails to meet the requirements necessary for a conviction based upon circumstantial evidence. The rule established by this court is: "To warrant a conviction for crime on circumstantial evidence alone, the circumstances taken together should be of a conclusive nature, and leading on the whole to a satisfactory conclusion, and pointing to a moral certainty that the accused committed the offense charged; and it is invariably the rule of law that, to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must

be shown as are consistent with each other, and consistent with the guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent; * * *." State v. Guffey, 39 S. D. 84, 163 N. W. 679, 682; State v. Guffy, 50 S. D. 548, 210 N. W. 980; State v. Czerney, 61 S. D. 172, 247 N. W. 376; State v. Strain, 63 S. D. 639, 262 N. W. 237; State v. Giffen, 64 S. D. 430, 267 N. W. 229.

██ It seems to us that the facts related above fall far short of meeting the requirements of this rule. Accepting as a verity all of the testimony of this record which would tend to incriminate the defendant, we find nothing more than that the defendant was a labor union organizer in Sioux City; that he was near the scene of the explosion approximately ten minutes before it occurred; and that he lied about his whereabouts on the night and morning in question. These facts raise a suspicion of defendant's guilt, but we think they do nothing more. The fact that the defendant lied, if he did lie, about his whereabouts at the time in question, cannot, in the absence of other incriminating facts, sustain this conviction. At most, it does not do more than cast a suspicion upon the defendant, and mere suspicion or probabilities, however strong, are not sufficient basis for a conviction. State v. Porter, 63 S. D. 581, 262 N. W. 94. Merely establishing the presence of a person on the streets of Sioux Falls near or at the place the explosion occurred some ten minutes prior to the explosion does not in itself point with a moral certainty to the fact that the accused committed the offense charged. This was a public street and under the testimony, as shown in this record, was at the time in question frequented by numerous cars and people who had an equal opportunity with defendant to commit the act with which defendant is charged. We fail to find anything in the record to implicate defendant in a different manner than any other person near the scene of this explosion shortly before its occurrence, except the fact that he belonged to a labor union in Sioux City and lied about his whereabouts at the time in question. We think it obvious that the mere fact that this defendant was a labor

organizer in Sioux City has no probative value. This testimony was introduced, apparently, for the purpose of showing motive, but, in view of all of the other facts in the record, this evidence falls far short from proving motive on the part of the defendant to commit the crime with which he is charged. As stated before, there was no showing of any present labor trouble at Grand Island, or any showing that this defendant ever had any connection with any labor dispute or labor union at Grand Island. The State, by its own testimony, established that there had been no labor trouble at Grand Island since the prior August, that the concern which owned the truck was employing union labor, and that it was a union driver who drove the truck to Sioux Falls. Under these circumstances we cannot see that the fact that this defendant was a labor organizer in Sioux City is in any manner material or connects him in any way with the commission of this offense. A motive to demolish a Grand Island, Nebraska, truck on the streets of Sioux Falls, South Dakota, certainly cannot be inferred from official connection with a labor union in Sioux City, Iowa.

■ This evidence fails entirely, therefore, to establish any motive for defendant to commit this crime. While it is true that motive is not an essential element in the proof of guilt, yet, when the evidence is otherwise insufficient and unsatisfactory, motive may become a significant factor. Wharton's Criminal Evidence, Volume 2, Section 930. Without deciding that, had the State proved a motive for defendant to commit the crime, the evidence would be sufficient to sustain the conviction, certainly in the absence of any proof of motive, we cannot hold this evidence sufficient.

The judgment and order appealed from are reversed.

SMITH, P.J., and ROBERTS and WARREN, JJ., concur.
POLLEY, J., not sitting.