STATE, RESPONDENT, *v.* SCHRACK ET AL., APPELLANTS.

(No. 4,377.)

(Submitted April 21, 1921. Decided May 16, 1921.)

[198 Pac. 137.]

*Criminal Law — Larceny — Circumstantial Evidence — Insufficiency.*

Criminal Law—Circumstantial Evidence—Insufficiency.
   1. Where, in a criminal cause, a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any rational hypothesis other than guilt, mere suspicions or probabilities, however strong, being insufficient.
Larceny—Evidence—Insufficiency.
   2. In a prosecution for larceny of a calf, evidence reviewed and *held* insufficient to sustain a conviction, under the above rule.

*Appeals from District Court, Flathead County; T. A. Thompson, Judge.*

HARVEY SCHRACK and George Rogers were convicted of larceny, and appeal from the judgment of conviction, and from

---

2. Authorities discussing the question as to whether killing animal and carrying away part of the carcass is larceny of the animal are collated in a note in L. R. A. 1915E, 848.

the orders denying their motion for a new trial.   Reversed, and
cause remanded with directions to dismiss information.

Cause submitted on briefs of Counsel.

*Messrs. Logan & Child,* for Appellants.

In support of the contention that the evidence is insufficient
to justify the verdict, we cite the following cases: *State* v.
*Keeland,* 39 Mont. 506, 104 Pac. 513; *State* v. *Mullins,* 55 Mont.
95, 173 Pac. 788; *Territory* v. *Doyle,* 7 Mont. 245, 14 Pac. 671;
*State* v. *Sullivan,* 9 Mont. 174, 22 Pac. 1083; *State* v. *Willette,* 46
Mont. 326, 127 Pac. 1013; *State* v. *Brower,* 55 Mont. 349, 177
Pac. 241; *Sanders* v. *State,* 167 Ala. 85, 28 L. R. A. (n. s.) 536,
52 South. 417; *State* v. *Morey,* 2 Wis. 494, 60 Am. Dec. 439;
*State* v. *Loomis,* 129 Iowa, 141, 105 N. W. 397; *State* v. *Car-
delli,* 19 Nev. 319, 10 Pac. 433; 17 R. C. L. 63, 64.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody*
and *Mr. Carl E. Cameron,* Assistant Attorneys General, for
Respondent.

MR. COMMISSIONER SPENCER prepared the opinion for
the court.

Defendants were charged in the district court of Flathead
county with the larceny of one steer calf, the property of
A. M. Moore.   Trial was had and defendants convicted.   Mo-
tions in arrest of judgment and for a new trial were denied.
Defendants appeal from the adverse order in each instance and
from the judgment.

It appears from the evidence that about June 29, 1917, the
defendants went through Niarada, in Flathead county, traveling
north through the Little Bitter Root Canyon, upon a fishing
excursion.   They were seen going and returning.   Over a con-
siderable portion of the territory lying between Niarada and
Marion, through which defendants traveled, and particularly
near what is known as Lang's Hill, many head of cattle

grazcd, nearly all of which belonged to A. M. Moore. On July 3, 1917, Charles Carlson was driving a herd of Moore's cattle toward the home ranch situated about six or seven miles south of Marion, when he discovered a few rods from the road, the hide and part of the entrails of a calf recently butchered. The hide still had portions of all four legs and "considerable bone" attached, but the head missing and a hole in the side, apparcntly from removal of the brand. The age of the calf was less than a year—what is called a "short yearling." This hide was taken to A. M. Moore's and turned over to the deputy sheriff, who retained possession until trial. Moore identified the hide as that of one of his calves. On July 3, the condition of the hide indicated that the animal had been recently killed. On July 8, the deputy sheriff of Flathead county, armed with a search-warrant, went to defendant Schrack's place "looking for veal." He found in a keg in the roothouse some "veal" and removed and took with him a portion—"what I figured a piece of the left shoulder." Upon the trial this piece of the shoulder and the hide were exhibits in the case. On July 8, when defendant Schrack's place was searched, conversation was had between defendant and wife and the deputy sheriff as to the ownership of the veal found in the roothouse and the cir-cumstances under which it was killed, as well as the disposition made of the hide and part of the meat. Other conversations with defendant Schrack developed inconsistent statements about the same subject matter, but in none of his conversations, either with the deputy sheriff or others, was the larceny of the animal in question discussed, except to the extent that de-fendant denied killing any calves or cattle upon his trip up and return from the Bitter Root Canyon. Upon the trial, witness Martin, deputy sheriff, produced the "piece of shoulder" and "the piece with the hoof- on" (part of the hide), and the fol-lowing appears in the record: "Q. You may show the jury which one of those pieces is the piece you got from Schrack. A. This one [indicating]. I didn't saw it off. Q. It was sawed off, all

right. Show them the other part of the exhibit. Place the two together. [Witness puts the two pieces together.] By Mr. Mc-Donald: The piece with the hoof on, is the one piece. The other piece, the piece he got at Schrack's.'' There is no testimony to show whether the two pieces fit or not.

The evidence discloses further ·that about July 6 or 7, 1917, in a conversation between witness Joe Shilts and defendant Schrack, the defendant made the following statement: ''This time they got me for killing a steer instead of a deer, and I will leave it go at that, and it will only cost me $40.'' And the day previous to the trial defendant Schrack said to the same witness: ''Well, all I told you, that they had me for killing a steer instead of a deer.''

The foregoing epitome views the evidence in the light most unfavorable to the defendant Schrack.

Defendant Rogers accompanied Schrack on the trip to the Bitter Root and return. In addition to this fact, witness Martin testified that defendant Schrack told him they used Schrack's team and Rogers' wagon, from which we conclude there is no evidence to justify a suspicion of his guilt, must less his conviction.

The state sought and secured conviction entirely upon [1, 2] circumstantial evidence. The approved rule in such cases is that ''Where a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other, and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis.'' (*State* v. *Slothower,* 56 Mont. 230, 182 Pac. 270; *State* v. *Woods,* 54 Mont. 193, 169 Pac. 39.)

Having in mind this rule, together with the further declaration so long recognized by this court that ''mere suspicions or probabilities, however strong, are not sufficient basis for a conviction'' (*State* v. *Brower,* 55 Mont. 349, 177 Pac. 241; *State* v. *Sieff,* 54 Mont. 165, 168 Pac. 524; *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521), we conclude that the testimony sup-

ports nothing more than the merest suspicion of defendant Schrack's guilt, and warrants less as to defendant Rogers. Removing from the record the evidence of the deputy sheriff, who produced "the part of the shoulder" and "the part of the hide with the hoof on," the trial is void of even suspicion against Schrack.

In view of the foregoing, we think consideration of other assignments unnecessary and deem the evidence insufficient to justify a conviction, and recommend that the judgment and order appealed from be reversed and the cause remanded, with directions to the court below to dismiss the information.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the judgment and order of the lower court be reversed, and the cause remanded, with directions to dismiss the information.

*Reversed.*