STATE, RESPONDENT, v. JACOBSON, APPELLANT.

(No. 5,959.)

(Submitted September 13, 1926. Decided September 18, 1926.)

[249 Pac. 571.]

*Intoxicating Liquor — Unlawful Possession — Hotel-keepers — Presumptions—Evidence—Sufficiency—Instructions—Law of Case—When Verdict Against Law.*

Intoxicating Liquor—Unlawful Possession—Hotel-keepers—Presumptions—Evidence—Sufficiency.
1. Under the presumption, rebuttable in character, that one in possession of premises is also in possession of the articles found thereon, *held*, that where a hotel-keeper, charged with the unlawful possession of intoxicating liquor found by officers in an opening cut in the floor under a bed in an unoccupied room, testified that the room had been occupied by a transient guest whose name had been written upon the hotel register by defendant himself or his clerk, the jury was justified in disbelieving the testimony, and finding that the room was unoccupied and defendant the owner of the liquor.

Instructions Given are Law of Case—Duty of Jury.
2. An instruction, whether right or wrong, becomes the law of the case and a verdict contrary thereto is against law.

Intoxicating Liquor—Disregard of Instruction by Jury—When Contention not Maintainable.
3. Evidence in a liquor prosecution *held* not to warrant the assumption that the jury in finding defendant, a hotel-keeper, guilty, had disregarded the court's instruction that the owner or proprietor of a hotel is not responsible for the acts of his

---

1. See 10 R. C. L. 877.
2. Effect of verdict contrary to instructions, see note in 14 **Ann.** **Cas.** 973. See, also, 2 R. C. L. 243.

guests or for what property they may have in their possession, unless such acts or possession is in violation of the law and he has knowledge thereof.

---

[1]   Intoxicating Liquors, 33 **C. J.**, sec. 479, p. 744, n. 16; sec. 505, p. 761, n. 53.
[2]   Criminal Law, 16 **C. J.**, sec. 2606, p. 1113, n. 26.
[3]   Criminal Law, 16 **C. J.**, sec. 2606, p. 1113, n. 25.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ANDREW JACOBSON, convicted of the unlawful possession of intoxicating liquor, appeals from the judgment of conviction and from the order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Harry H. Parsons* and *Mr. Dan J. Heyfron,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, Andrew Jacobson, was charged, jointly with one Erlandson, with having unlawfully possessed intoxicating liquor in Missoula county on the sixth day of March, 1925; both pleaded not guilty. The cause came on regularly for trial on March 24, 1926, which trial resulted in a verdict of not guilty as to the defendant Erlandson and a verdict of guilty as to Jacobson, followed by the usual judgment of conviction. Thereafter Jacobson moved for a new trial upon the ground that the verdict was contrary to the court's instruction No. A–1, which motion was overruled.

Jacobson has appealed from the judgment and from the order denying him a new trial; he makes two specifications of error: (1) That the evidence is insufficient to support the

verdict and judgment, and (2) that the court erred in not granting his motion for a new trial.

The evidence adduced on the part of the state, stated briefly, is as follows: The defendant, Jacobson, was, during the month of March, 1925, the proprietor of and in possession of a certain hotel in Missoula, with the exception of the restaurant on the ground floor, which was rented to third parties who had also the use of a portion of the basement. The stairway to this basement opened into a "soft drink parlor" or "bar room" conducted by Jacobson and in which Erlandson was employed. On March 6, 1925, a number of peace officers armed with a search-warrant made a thorough search of the premises. In the basement the officers found a pint bottle full of colored moonshine behind a barrel full of empty bottles and a whisky glass on the barrel. The officers testified that they did not search the portion of the basement "occupied or claimed to be occupied by the restaurant proprietor or his help." In room nine, on the second floor of the hotel the officers discovered two one-gallon jugs of moonshine hidden in an opening cut through the floor under the bed. The boards had been replaced and covered with an old piece of linoleum. The officers testified that the room showed no signs of occupancy and contained no baggage, clothing or other articles which might belong to a guest of the hotel. While the search was in progress, Erlandson was seen to leave room eleven and enter room six; as he came from the latter he was seized and searched and a whisky glass containing a small amount of moonshine was found in his pocket. Each of these rooms was occupied by more or less intoxicated guests; in room six the officers found a bottle nearly full of whisky, and in room eleven two such bottles. The officers did not see Jacobson until after the search was made.

The defendants Jacobson and Erlandson testified that room nine was rented on March 1 by one "Charley Smith," he paying rent on the room for one week in advance; they admitted that "Smith" did not register but that one or the

other of them wrote his name upon the register each morning up to and including the morning of the 7th of March. Erlandson explained the possession of the glass containing a trace of liquor by stating that he found it in one of the rooms and was taking it downstairs; he testified that he had no knowledge of the existence of liquor in the rooms until it was found by the officers, but that most of the guests of the hotel were men from the woods who might bring liquor with them. Jacobson denied all knowledge of the liquor found and testified that others besides hotel employees had access to the basement; that he and Erlandson attended to the duties of the office and soft-drink parlor in shifts.

1. While the evidence adduced by the prosecution is not as strong as might be desired, it establishes the fact that the [1] defendant was in possession of the premises searched, except as to rooms occupied by guests; it tended to prove that room nine was not so occupied. If the defendant was in possession of room nine, the legal presumption is that he was in possession of the liquor therein (*State* v. *Sawyer,* 71 Mont. 269, 229 Pac. 734; *State* v. *Breeding,* 73 Mont. 30, 234 Pac. 1097), and, as stated in the *Sawyer Case,* "the presumption was rebuttable but defendant, in the judgment of the jury, did not overcome it."

Disregarding the testimony concerning "Charley Smith," the evidence was sufficient to warrant the conclusion that Jacobson was in possession of room nine, and the fact that "Smith" did not register, did not have any baggage or apparel in the room and was not called as a witness, together with the further fact, if the defendant's explanation was to be believed, a transient guest had, without the knowledge of the proprietor, cut a trap-door in the floor of the room, is sufficient justification for a jury of reasonable men to entirely disbelieve the testimony on this point; evidently the jury did so and this court cannot, therefore, interfere with the verdict rendered. (*State* v. *Sawyer,* above.)

[77 Mont. 57.]

2. The court instructed the jury that "the owner or proprietor of a hotel is not responsible for the acts of persons renting rooms in said hotel or for what property they may [2, 3] have in their possession, unless such acts or possession is in violation of law and he has knowledge thereof." Error is not specified on the giving of the instruction and, therefore, whether right or wrong, it became the law of the case and a verdict contrary thereto is against law. (*Shipler* v. *Potomac Copper Co.,* 69 Mont. 86, 220 Pac. 1097; *LeClair* v. *School District,* 74 Mont. 385, 240 Pac. 391.) However, to hold that the jury disregarded this instruction we would be compelled to assume that the jury believed the testimony respecting the occupancy of room nine by "Charley Smith," and also found that the liquor discovered in the portion of the basement used by the defendant was placed there by someone other than the defendant; in other words we must assume that the testimony on the part of the defense overcame the presumption stated above. There is nothing in the record to warrant such an assumption and we must, therefore, hold that assignment number two is also without merit.

For the reasons stated the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICE STARK and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN not sitting.