STATE, RESPONDENT, *v.* COOPER, APPELLANT.

(No. 6,036.)

(Submitted December 7, 1926. Decided December 28, 1926.)

[252 Pac. 376.]

*Intoxicating Liquors—Unlawful Possession—Evidence—Insufficiency.*

Intoxicating Liquors—Husband and Wife—Evidence—Suspicious Circumstances—Insufficiency.

1. In a prosecution against a married woman for the unlawful possession of intoxicating liquor, found in a room occupied by a boarder, during defendant's absence from the house, *held* insufficient to sustain conviction, the facts that two bottles with a trace of liquor in them were found in the part of the house occupied by defendant and her husband, nothing appearing that she personally had possession of them, and that upon her return to the house she in anger attempted to destroy the liquor found, though suspicious circumstances, not aiding to render it sufficient.

Criminal Law—Conviction on Circumstantial Evidence—Quantum of Proof—Rule.

2. Where a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis.

Same—Conviction—Proof Required.

3. One charged with crime may not be convicted on conjecture, however shrewd, on suspicion, however justified, or on probability,

---

2. Conviction on Circumstantial Evidence, see notes in 97 **Am. St. Rep.** 776; 41 **L. R. A.** (n. s.) 755. See, also, 8 **R. C. L.** 226.

3. See 8 **R. C. L.** 226, 227.

however strong, but only upon evidence which establishes his guilt beyond a reasonable doubt, *i. e.*, upon proof such as to logically compel the conviction that the charge is true.

---

[1] Intoxicating Liquors, 33 C. J., sec. 494, p. 754, n. 33; sec. 505, p. 761, n. 53.

[2] Criminal Law, 16 C. J., sec. 1568, p. 764, n. 54.

[3] Criminal Law, 16 C. J., sec. 1570, p. 766, n. 73, 76, 77, 78; sec. 1590, p. 778, n. 96, p. 779, n. 98.

*Appeal from District Court, Rosebud County; G. J. Jeffries, Judge.*

ANNA COOPER was convicted of unlawful possession of intoxicating liquor and appeals. Reversed with direction to dismiss the information.

*Messrs. Campbell & Carolan,* for Appellant, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State, submitted a brief; *Mr. Choate* argued the cause orally.

### Opinion: PER CURIAM.

Defendant was convicted upon a charge of unlawful posses-
[1] sion of intoxicating liquor. The sheriff of Rosebud county, accompanied by his deputies, and the county attorney and his deputy, on December 6, 1925, between 10 and 11 o'clock at night, searched the dwelling-house of defendant and her husband for intoxicating liquor. The search was made under a search-warrant issued on a complaint against her husband, and the basis for it was an affidavit in which it was stated that the deponent had purchased intoxicating liquor from defendant's husband in the dwelling. It appears that when the officers entered the house a woman was occupying a bed in the bedroom of defendant. The woman had been staying at the Cooper residence about three months, paying board and room. On the dresser in this room was found a pitcher containing moonshine liquor and a glass setting alongside it,

and under the edge of the bed a small porcelain cream can about half full of moonshine. The sheriff gave this receptacle to one of his deputies and the pitcher to his other deputy to care for. At about that time the defendant came in and asked what was going on. The sheriff handed her the search-warrant, and told her to read it. There is a conflict in the testimony as to what then transpired, but we shall adopt the version of the testimony which is most favorable to the state, which is that defendant replied that she could not read, and grabbed the pitcher being held by the deputy and emptied its contents on the floor. Shortly afterward she struck the deputy who was holding the cream can somewhere about the face and kicked him at the same time, and the can fell and the lid flew off, and only a small amount of its contents was saved. Two bottles, each empty except for a trace of moonshine whisky, were found in the back room. The defendant left home the evening of the search about 6 o'clock, and did not return until nearly 11. In the meantime she had been riding in an automobile and had attended a moving picture show.

A short time after the search, a complaint was filed, and defendant placed under arrest. On December 15, 1925, an information was filed against her, alleging the unlawful possession to have occurred on the sixth day of December, 1925. The cause came on for trial on June 7, 1926. The articles secured by the officers upon their search and the evidence as to the search were admitted upon the trial, over the objection of defendant that the search was not conducted pursuant to a search-warrant directed against her or any of her premises, but in proceedings against her husband, and that the defendant was not present when the articles were found. The defendant concedes the validity of the search-warrant proceedings, and that the evidence obtained thereunder would be competent against her husband.

The evidence, having been secured upon a legal search, and being rightfully within the knowledge and possession of the

officers was competent, not only against the one named in the search-warrant proceedings, but, if material, against any person. There having been no disregard of the law by the officers in securing the evidence, the reason for its rejection was not present.

It is urged by defendant that the evidence is insufficient to sustain the verdict. In support of this contention she relies upon instruction No. 22, wherein the court told the jury that, where intoxicating liquor is found in a home occupied by a man and his wife, the legal presumption is that the liquor is the property of the husband and in his possession, and before the wife could be found guilty of possessing the same, the jury must find beyond a reasonable doubt that such liquor was actually possessed by the wife and not by the husband.

Viewing the evidence in the light most favorable to the state, we think it is insufficient to sustain the conviction. Excepting for the circumstance respecting the attempted destruction of the whisky, the testimony against the defendant is wholly circumstantial. There was no direct testimony tending to show the possession of any whisky by defendant. With respect to that found in the bedroom, it is quite reasonable to assume, the facts considered, that the boarder brought the liquor to the room in the receptacle, poured out a portion into the pitcher, and then placed the cream can with the remaining liquor under the bed which she was occupying, in the absence of the defendant. There is no testimony indicating that the defendant knew the liquor was in the house prior to her return from attending the picture show. The boarder was not called to testify. The defendant denied positively that the liquor was hers, or that she had any knowledge of its possession whatsoever. It is true that her attempted destruction of the liquor, if that was the purpose of her assault upon the officers, is a suspicious circumstance. Under the circumstances, we do not regard the fact that there were found in the house two bottles, each containing a trace of moonshine, sufficient to sustain a

conviction against the defendant. There is no evidence indicating her personal possession of these bottles. These were in the house occupied by her husband and herself. There is nothing to indicate any affirmative action upon her part. She might, of course commit a criminal act with respect to the possession of the liquor separately from, or jointly with, her husband, but the evidence does not indicate that she did so.

We again call attention to the rule that, where a conviction [2] is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other, and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis. (*State* v. *Schrack,* 60 Mont. 70, 198 Pac. 137; *State* v. *Griffin,* 77 Mont. 382, 251 Pac. 143.)

In *State* v. *Riggs,* 61 Mont. 25, 201 Pac. 272, Mr. Justice [3] Galen reasserted the well-known doctrine that "a defendant may not be convicted on conjecture, however shrewd, on suspicion, however justified, on probability, however strong, but only upon evidence which establishes his guilt beyond a reasonable doubt; that is, upon proof such as to logically compel the conviction that the charge is true"—citing *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *State* v. *Postal Tel. Co.,* 53 Mont. 104, 161 Pac. 953; *State* v. *Taylor,* 51 Mont. 387, 153 Pac. 275; *State* v. *Sieff,* 54 Mont. 165, 168 Pac. 524; *State* v. *Mullins,* 55 Mont. 95, 173 Pac. 788, and *State* v. *Brower,* 55 Mont. 349, 177 Pac. 241.

The state seems to have introduced all of the available evidence, and no good purpose would be served by remanding the cause for a new trial. The judgment is reversed, with directions to the district court of Rosebud county to dismiss the information.

*Reversed.*