STATE, RESPONDENT, *v.* HOOD, APPELLANT.

(No. 6,781.)

(Submitted March 14, 1931. Decided April 11, 1931.)

[298 Pac. 354.]

*Mr. R. Lewis Brown* and *Mr. James H. Baldwin,* for Appellant, submitted a brief; *Mr. Baldwin* argued the cause orally.

434

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. S. R. Foot* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant has appealed from a judgment of conviction of the crime of unlawful possession of cocaine hydrochloride and from an order denying his motion for a new trial.

Numerous assignments of error are specified, but in the view that we take of the case only one—the sufficiency of the evidence to justify the conviction, raised by defendant on motion for a directed verdict—need be considered.

The evidence shows that two federal narcotic agents, Williams and Welliver, in company with McNabb and Wood, and James Brennan, who was jointly charged with defendant, entered a one-story frame house at 35 West Porphyry Street in Butte, on March 15, 1930. The front door of the house was locked when they arrived there. Brennan unlocked the door with a key which he had in his possession. The room into which they entered contained a bed, table, radio, bookcase and writing-stand. This room we shall hereafter refer to as the front room. Under the top of the table there was a book-rack containing a number of books. There were two rooms to the north of the front room, which were used as a kitchen and back bedroom. Between the front room and the kitchen there was a door situated in the northeast corner of the front room. When the officers entered the front room, defendant was standing in the northeast corner of the room near the door leading into the kitchen and about ten feet from the table. On the table was a stocking and a cambric tobacco pouch which, upon examination, were found to contain packages of cocaine hydrochloride. There was also some found under the the base of a plaster-of-paris lamp which stood on the radio situated on the west side of the room. A dictionary which was lying on the book-rack under the top of the table also had packages of cocaine hydrochloride concealed in the binding. On the flyleaf of the book were printed in pencil the words "Property of Samuel C. Hood." It was not shown by whom the words were printed.

There is evidence that when the officers entered the room defendant rushed to the kitchen stove and made motions tending to indicate that he threw something in the fire-box. When asked by one of the officers what he threw in the stove, he replied, "a peach stone." The officer, though admitting that he did not make a careful examination to see whether there was a peach stone in the fire, said there was none there that he could see.

Elizabeth M. Gill testified that she owned the house situated at 35 West Porphyry Street on March 15, 1930, and that it had not been rented to defendant and that he was not a tenant of hers or in possession of the premises with her knowledge. There is no direct evidence that defendant ever had possession of any of the packages of cocaine hydrochloride found in the room.

The question before us is whether the foregoing evidence is sufficient to justify defendant's conviction. To justify a conviction of unlawful possession of a prohibited article there must be proof of actual control and management of the thing prohibited (33 C. J. 585).

Counsel for the state, in reliance upon the case of *State* v. *Jacobson*, 77 Mont. 57, 249 Pac. 571, and the cases therein cited, contend that since defendant was in possession of the room, the presumption obtains that he also had possession of the cocaine. But that case cannot govern this, for here there is no evidence that defendant was in the possession or control of the building or room in which the cocaine was found. The evidence shows that he was not a tenant and not the owner of the building. That Brennan was a tenant may be inferred from the fact that he had a key which unlocked the door and that his clothes were kept there. But there is no evidence that defendant had any control over the premises, how long he had been there, or that he had personal possession of anything in the building. The evidence tending to connect him with the possession of cocaine is entirely circumstantial. This being so, the conviction cannot be sustained unless the criminatory circumstances point so clearly to his guilt as to be inconsistent with any other rational hypothesis. (*State*

v. *Schrack,* 60 Mont. 70, 198 Pac. 137; *State* v. *Griffin,* 77 Mont. 382, 251 Pac. 143; *State* v. *Riggs,* 61 Mont. 25, 201 Pac. 272; *State* v. *Konon,* 84 Mont. 255, 274 Pac. 1060.)

Conceding, without deciding, that all the evidence in the case was properly admitted, it is insufficient to sustain the conviction of defendant. If the book belonged to defendant, it may have been loaned by him to the owner or occupant of the house, and it is just as reasonable to suppose that someone other than defendant concealed the cocaine in its binding. It does not appear that he had any knowledge of the fact that it contained cocaine; nor is there any evidence that defendant at that time was in possession or control of the book. The same presumption does not obtain here against this defendant that would in case the book were found in his own place of residence. The evidence tending to show that he threw something in the stove when the officers entered the room is a suspicious circumstance, but suspicions, however justified, are not sufficient to sustain a conviction. (*State* v. *Riggs,* supra; *State* v. *Konon,* supra; *State* v. *Kerrigan,* 87 Mont. 396, 287 Pac. 942.)

A case more nearly on a parallel with this than that of *State* v. *Jacobson,* supra, is the case of *State* v. *Cooper,* 78 Mont. 35, 252 Pac. 376. In that case defendant Anna Cooper was convicted of the crime of unlawful possession of intoxicating liquor. The liquor was found in the dwelling-house of defendant and her husband. It was found in a bedroom occupied by a woman who was staying at the Cooper residence, paying for her board and room. When the officers had found and taken possession of the liquor, defendant seized from the officer the pitcher in which it was contained and emptied the contents. She also assaulted the officer who held a can containing some of the liquor, causing the can to fall, as a result of which only a small amount of the contents was saved. The court held that the evidence, viewed in the light most favorable to the state, was insufficient to sustain the conviction. Here there was no evidence connecting defendant with the conscious possession of cocaine hydrochloride, and in conse-

quence the court erred in submitting the case to the jury and in denying defendant's motion for a directed verdict.

The judgment is reversed, with direction to the district court of Silver Bow county to dismiss the information and discharge the defendant.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.