No. 45,181

STATE OF KANSAS, *Appellee,* v. CHARLES L. PIERSON, *Appellant.*

(448 P. 2d 30)

Opinion filed December 7, 1968.

*Joseph Anderson,* of Mission, argued the cause and was on the briefs for the appellant.

*Hugh H. Kreamer,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *James W. Bouska,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant, Charles Lindberg Pierson, was convicted by a jury of the crime of robbery in the first degree (K. S. A. 21-527), and he was sentenced to confinement and hard labor in the Kansas State Penitentiary for a term of not less than 40 years nor more than 60 years pursuant to K. S. A. 21-530 and 21-107a.

The armed robbery took place on the evening of August 9, 1964,

in the home of Ralph Pellow, Overland Park, Kansas. Pellow had guests in his home and had gone out to get some pizza for dinner. When he returned, the appellant was in the home holding a handkerchief over the lower part of his face and a pistol in his hand. Pellow was forced to join his friends on the living room floor where the appellant put his pistol in Pellow's ear and around his nose and threatened to kill him unless he gave the appellant money. As a result of the threats, Pellow told the appellant of a valuable coin collection he had in his safe. Pellow was forced to open the safe and the appellant took the coin collection, placing it in a pillowcase. The appellant also took a mink stole, a fur coat, two cashmere coats, jewelry boxes containing Mrs. Pellow's jewelry, a 4½ carat diamond ring, a gold watch with a diamond face and gold band, and Pellow's identification holder which contained various credit cards and the titles to two automobiles he owned. The credit cards were issued by major oil companies; there were two or three restaurant credit cards, Pellow's social security card and a hotel identification card, all issued in Pellow's name. The evidence showed the property taken by the appellant was reasonably worth $6,000.

On September 18, 1964, a man who identified himself as Ralph Pellow was arrested in Manhattan Beach, California. He later identified himself to members of the Manhattan Beach police department as the appellant, Charles Lindberg Pierson. The officers asked Pierson for his consent to search an apartment he was renting in Manhattan Beach. Pierson gave his consent to the search and the officers took him to the apartment and searched it. Certain items stolen from Ralph Pellow in Overland Park on the evening of August 9, 1964, were recovered.

Upon receiving this information, the county attorney filed a complaint in the Johnson County Magistrate Court on October 7, 1964, charging the appellant with the armed robbery of Ralph Pellow on August 9. A warrant was duly issued and the appellant was arrested in Kansas State Penitentiary at Lansing, on June 2, 1967.

On June 19, 1967, after an agreed continuance, the appellant was given a preliminary examination in the Magistrate Court and he was bound over to the district court to stand trial. He was represented by retained counsel.

On June 20, 1967, an information was filed in the district court charging the appellant with the armed robbery of Pellow on August 9, 1964. Upon arraignment on September 7, 1967, the appellant

stood mute to the charge in the information and the district court entered a plea of not guilty on his behalf.

On September 11, 1967, the appellant appeared in court with retained counsel. Prior to the commencement of the trial, counsel orally moved for a continuance, stating at length his grounds therefor, stressing his main point that he was retained on August 8, 1967, and had spent considerable time on habeas corpus on behalf of the appellant in the same court, and that he needed more time to prepare for trial. The court overruled the motion for continuance and upon the selection of twelve jurors the trial commenced.

The state's evidence consisted of the testimony of Ralph Pellow and Detective Ray Bennett of the Manhattan Beach police department. Pellow testified as to the items of property taken and of their value, and that he identified the appellant from pictures shown him in 1964 by members of the Overland Park Police Department, and, since the appellant was holding a handkerchief over the lower part of his face and was wearing a hat, by his "very piercing dark brown eyes." Detective Bennett testified that the appellant first identified himself as Ralph Pellow and later told the Manhattan Beach police officers he was Charles Lindberg Pierson; that he gave his consent to the officers to search his apartment; that they took him to the apartment and searched it, and found an identification holder in a dresser drawer containing a social security card and various credit cards issued in the name of Ralph Pellow. Bennett further testified the appellant gave him written consent to search the apartment but that he (Bennett) did not bring the consent with him when he came to Johnson County to testify. The credit cards and Pellow's social security card were state's Exhibit No. 1 and were admitted in evidence over the appellant's objection.

At the conclusion of the state's case, the appellant requested a continuance until the following day, September 12, to produce his only witness, his wife, Jean Pierson. The motion was granted and the trial continued. When the trial resumed the following morning, the appellant produced no witness, nor did he offer evidence on his behalf. Upon counsel's announcement the appellant rested, the case was submitted to the jury which returned its verdict finding the appellant guilty as charged in the information.

The appellant first contends the district court erred in admitting state's Exhibit No. 1 over his objection. As indicated, the exhibit consisted of Pellow's social security card and three credit cards

issued in his name. The appellant concedes that voluntary consent to search a premise may be given orally, but argues the burden was upon the state to show the search and seizure were lawful, and contends the evidence of consent was insufficient to admit the exhibit. Pellow testified the items in the exhibit were among the items taken from him the night of the robbery. Detective Bennett testified he recovered the items from the appellant's apartment in Manhattan Beach which was searched with the appellant's consent and in his presence.

The constitutional immunity from unreasonable search and seizures proscribed by Section 15 of the Kansas Bill of Rights and by the Fourth Amendment as made applicable to the states through the due process clause of the Fourteenth Amendment to the Constitution of the United States may be waived, as by voluntary invitation or consent to search and seize. (*State v. Emory*, 193 Kan. 52, 55, 391 P. 2d 1013; *State v. Zimmer*, 198 Kan. 479, 426 P. 2d 267, cert. den. 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298; *State v. Ward*, 199 Kan. 23, 427 P. 2d 586; *State v. McCarty*, 199 Kan. 116, 427 P. 2d 616, cert. den. as to McCarty, 392 U. S. 308, 20 L. Ed. 2d 1115, 88 S. Ct. 2065.) Whether the appellant consented orally or in writing or by both means is immaterial. The record contains clear and convincing undisputed evidence that he voluntarily consented to the search of his apartment by Detective Bennett and his fellow officer. No claim is made that his consent to the search was the result of coercion, duress or fraud, or that he lacked sufficient intelligence to appreciate the consequences of the act he consented to. The appellant's consent to the search dispensed with the necessity of a search warrant altogether, and his reliance on *Mapp v. Ohio*, 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, is not well founded. The test in *Mapp* is whether the search was reasonable. There was nothing unreasonable about the search in the instant case—the appellant consented to the search and went with the officers to his apartment where the search was lawfully and reasonably conducted.

The appellant contends the district court erred in overruling his motion for a continuance prior to commencement of the trial on September 11, 1967. Counsel was retained by the appellant on August 8, 1967, over one month prior to the trial. During a part of that time he was engaged in habeas corpus on behalf of the appellant in the same court which proceeding concluded Septem-

ber 6. The facts speak for themselves. As indicated, at the conclusion of the state's evidence on September 11, the appellant requested a continuance until September 12, to produce his only witness, his wife, Jean Pierson. His motion was granted but no witness was produced. When the trial resumed, he offered no evidence and rested his case.

There are a host of cases dealing with continuances in criminal cases and none of them are favorable to the appellant. The rule is that a continuance in a criminal case is largely within the discretion of the district court. In *State v. Dickson,* 198 Kan. 219, 424 P. 2d 274, it was held:

"The granting of a continuance in a criminal prosecution is largely within the discretion of the trial court and its ruling in the matter will not be disturbed unless it affirmatively appears that such discretion has been abused to the extent that a defendant's substantial rights have been prejudiced." (Syl. 1.)

The appellant has made no showing that he was prejudiced by the denial of the continuance on September 11, and under the circumstances the district court did not abuse its discretion.

The point is made the district court abused its discretion in restricting counsel's cross-examination of witness Pellow. It is claimed the appellant began to elicit testimony which impeached the integrity and veracity of the witness. The questioning related to Pellow's relationship with a female employee, a relationship which the witness said his wife had "full knowledge." Pellow testified that on the night of the robbery his wife was in New York and that the employee in question and his next door neighbor were in his home for dinner; that the employee was the cashier of a hotel he managed, and that they had spent the day together on a trip to Fort Osage. When counsel asked Pellow whether this was the first trip with the employee, the court sustained the state's objection upon the ground the answer sought was immaterial.

It is contended that Pellow's statements and recollections were vital in the state's case, and that denying the appellant the opportunity to explore the veracity of the witness under the narrow fact situation presented, constituted an abuse of discretion. The point is not well taken. While our decisions recognize the general rule that a witness may be cross-examined for the purpose of disclosing his interest in the action, his hostile feeling, and the extent thereof, in order that the jury may determine the weight and credibility it will accord all, or any portion, of his testimony (*State v. Collins,*

162 Kan. 34, 174 P. 2d 126; *State v. Rowland,* 172 Kan. 224, 239 P. 2d 949, 30 A. L. R. 2d 455), they also recognize that the extent to which cross-examination of a witness may be allowed rests largely in the discretion of the district court, and its ruling will not be disturbed unless abuse of discretion is made to appear. (*State v. Greenwood,* 197 Kan. 676, 684, 421 P. 2d 24.)

The record clearly indicates the district court gave counsel considerable latitude in his cross-examination of Pellow, both as to his association with the employee and his identification of the appellant. The cross-examination consumed some twenty-five pages of transcript. In fact, and with respect to the question of how many years Pellow had associated with the employee, the record discloses that counsel withdrew the question. There is nothing to indicate the district court abused its discretion, and the appellant's contention cannot be sustained.

It is lastly contended the district court erred in overruling the appellant's motion to dismiss at the close of the state's case. The complaint centered about Pellow's testimony and his method of identifying the appellant—that it was only his piercing dark brown eyes. Be that as it may, it was Pellow's testimony that the appellant was the person who robbed him. The fact that the appellant used the name of Ralph Pellow when booked into the Manhattan Beach jail and the fact that certain items stolen from Pellow were found in the appellant's apartment in that city was certainly further evidence of his guilt. It is the function of the jury, not that of a court of appellate review, to weigh the evidence and pass upon its credibility. (*State v. Donahue,* 197 Kan. 317, 416 P. 2d 287; *State v. Phinis,* 199 Kan. 472, 430 P. 2d 251, and a host of other cases.) After a careful study of the record and a scrutiny of the evidence we are of the opinion there was ample evidence tending to prove each and every essential element of the crime charged, and we hold the district court did not err in overruling the motion to dismiss. There was competent substantial evidence to support the verdict.

The appellant received a fair trial under the Constitution of the United States and the Constitution and Laws of the State of Kansas, and there was no error committed which was prejudicial to the substantial rights of the appellant. The district court did not err in overruling the appellant's motion for a new trial, and the conviction and sentence are affirmed.