No. 46,021

STATE OF KANSAS, *Appellee*, v. EDWARD E. GRABOWSKI a/k/a
EDWARD GRABINSKI, *Appellant*

(479 P. 2d 830)

Opinion filed
January 23, 1971.

*Julius Lucius Echeles*, Chicago, Illinois, argued the cause, and *Kermit M. Beal*, Lawrence, was with him on the brief for the appellant.

*Daniel A. Young*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *John Mike Elwell*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of unlawful possession of a narcotic drug—cannabis, commonly known as marijuana—in violation of K. S. A. 65-2502.

Highly summarized—the evidence in the case was substantially as follows:

At about 8:30 on the evening of August 23, 1969, deputy sheriff Woods was on routine patrol duty in a rural area northeast of Lawrence. His suspicions were aroused when he saw a car parked on a dead-end lane in a field, and he proceeded to investigate. The car was locked, and unoccupied. It had Illinois license tags. The immediate area was known by him as one in which there was a heavy growth of marijuana. He called for assistance, and

deputy sheriff Anderson responded. They staked themselves out in different locations—and waited.

In about 40 minutes they saw car lights emerging from the field. They followed, and shortly thereafter stopped the car as it was being driven toward Lawrence. Defendant was driving, and with him in the front seat was Raymond Sauer. Both got out of the car, and defendant asked why he was stopped. Woods replied that it was just a routine check of the car. The officers inquired if they could search the car—and defendant replied that they could. He gave them the key to the trunk. It revealed nothing except a spare tire and tire-changing tools. They then looked inside the car and discovered two sacks of freshly cut marijuana on the floor of the front seat on the passenger side.

Both defendant and Sauer were placed under arrest for possession of marijuana and were given the "Miranda warning". They interrupted several times to ask "if the officers couldn't just keep the sacks and contents and let them go". The suggestion was refused. Both were formally charged with unlawful possession of marijuana. Sauer entered a plea of guilty and was granted probation. Defendant elected to stand trial by jury, and was found guilty as charged.

The state's evidence was substantially as above related. In addition, there was scientific evidence to establish that the contents of the sacks, together with clippings found in and on defendant's shoes, socks and pants pockets—were marijuana. Also, the state introduced evidence of defendant's prior conviction in the state of Illinois of possession of marijuana.

Sauer, a witness for defendant—testified that—

He and defendant were friends and both lived in Chicago. He had no particular interest in fossils—but that fossil-hunting and gemstones were a hobby of defendant. Some time ago he had been given a hand-drawn map by a hitch-hiker which showed "marijuana areas" near Lawrence. On the weekend in question he and defendant drove from Chicago to Lawrence. He had marijuana in mind—but had not told defendant—whose purpose was to search for fossils. When they arrived at the field they separated—Sauer taking both sacks. Neither had any tools for fossil-hunting. He found and cut marijuana and placed it in the sacks. When he returned to the car defendant was there—but nothing was said about marijuana until just before their car was stopped by the officers.

In his own behalf defendant testified that—

He was an engineer for a manufacturer in Illinois, and was married and had one child. He and Sauer had driven from Illinois to the Lawrence area in search of fossils and gem-stones—which were his hobby. He was particularly interested in jasper and moss agate—which he had heard were plentiful around Lawrence. Just before his car was stopped by the officers Sauer told him about the marijuana. He had not sought permission to go on the land in search of fossils. His prior marijuana conviction in Illinois was for a misdemeanor—possession of one marijuana cigarette. His correct name was Grabinski—rather than Grabowski—the discrepancy arising from an error of the arresting officer in writing down his name, which he, in order to avoid publicity, had not corrected.

Before discussing the appeal it should be stated that the hunt for fossils was unsuccessful. Neither defendant nor Sauer had any tools or artifacts for fossil hunting, and neither found any fossils, gem-stones, jasper, or moss agate.

On appeal—defendant makes three contentions.

The first is that his motion to suppress the evidence should have been sustained because it was seized as a result of an illegal search and arrest. It is not denied that he gave permission to search his car, but is argued the record is silent as to whether he was aware of the fact that at the time he could have refused to permit the search—and therefore he did not intentionally waive a known right or privilege.

Under the undisputed facts of this case the contention is completely without merit.

Defendant's car was first observed under very unusual and suspicious circumstances. The routine check of his driver's license was entirely proper and was authorized by K. S. A. 8-244. We have no question here concerning an alleged illegal search and seizure or of the right to conduct a warrantless search of an automobile suspected of contents that offend against the law (*State v. McMillin,* 206 Kan. 3, 7, 476 P. 2d 612) for the evidence is undisputed that defendant, a mature man, gave his consent to the search. There is nothing in the record even remotely to suggest that his consent was the result of fraud, coercion or duress, or that he lacked sufficient intelligence to appreciate the consequences of such consent. When one knowingly and voluntarily consents to a search of his vehicle by peace officers he may not later complain that items found in the

search are the fruits of an illegal search and seizure—and therefore inadmissible (*State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221). And see *State v. Pierson,* 202 Kan. 297, 300, 448 P. 2d 30. The marijuana was not seized as a result of an illegal arrest or unlawful search.

Defendant's second contention is that there was no evidence that he had "possession" of the marijuana, and that possession by another (Sauer) in the car cannot be imputed to him.

On this point the jury was correctly instructed as follows:

"No. 3

"The possession and control of a prohibited narcotic drug as contemplated by K. S. A. 65-2502 is the exercise of dominion thereover, or the right and authority to possess, control and manage its use and disposition."

"No. 4

"Possession of a prohibited narcotic drug within the purview of K. S. A. 65-2502 may be joint as well as individual and two or more persons may have the power of control and intend to manage, control and use it jointly."

There is no occasion to repeat the evidence. Needless to say—it pointed to the fact the venture was a joint one for the purpose of harvesting marijuana, and was amply sufficient to support the finding of "possession" in defendant. The contention to the contrary is without merit.

Finally, defendant contends the trial court erred in admitting into evidence his prior conviction of possession of marijuana—the argument being that it was prejudicial because the offense here charged was not an "intent" crime.

At the time the record of the prior Illinois conviction was admitted the court—in the presence of the jury—stated—

"Exhibit 6 is an authenticated copy of a prior conviction of the same offense with which the defendant is now charged and being tried, and it is offered for the sole purpose of whatever relevance it may have in reference to the intent, plan, motive and guilty knowledge of the defendant in respect to the crime with which he is now charged and being tried. It is not proof that he is guilty of this charge, it is offered for the sole purpose which I just stated insofar as it relates to plan, intent, motive and scienter—which means guilty knowledge and for that limited purpose then Exhibit 6 is received for the jury's consideration."

and, in its general written instructions, the court gave the usual "limiting purpose" instruction with respect to the matter.

Evidence of this prior conviction clearly was admissible on the grounds stated by the court—above, for it was relevant and competent to establish that defendant had knowledge of and was

familiar with the narcotic nature of the very substance he was charged with possessing (*State v. Jarvis,* 201 Kan. 678, 443 P. 2d 272; *State v. Holsey,* 204 Kan. 407, 411, 412, 464 P. 2d 12 and *State v. Kowalec,* above).

The verdict in this case is fully supported by the evidence. Assuming the jury believed defendant's highly incredible and bizarre explanation of the purpose of the weekend trip from Illinois to Lawrence—the fact remains that he and Sauer were "caught red-handed"—so to speak—with two sacks of freshly cut marijuana in their possession.

No error being shown—the judgment is affirmed.