STATE of North Dakota, Plaintiff
and Appellee,

v.

Eugene Allen LARSON, Defendant
and Appellant.

Crim. No. 653.

Supreme Court of North Dakota.

Jan. 25, 1979.

John T. Paulson, State's Atty., Valley City, for plaintiff and appellee.

Bickle, Coles & Snyder, Bismarck, for defendant and appellant; argued by Robert J. Snyder, Bismarck.

PEDERSON, Justice.

Eugene Allen Larson was convicted by a jury of the Class C felony—possession of heroin, a controlled substance—in violation of § 19.03.1–05, Schedule I, (3)(j), and § 19–03.1–23(1)(a), NDCC. On this appeal, Larson raises only one issue—does the evidence show that he possessed heroin? We think it does. We denied his motion for release pending appeal in *State v. Larson*, 271 N.W.2d 1 (N.D.1978).

■ As we have said a number of times, most recently in *State v. Olson*, 274 N.W.2d 191 (N.D.1978), and *State v. Goeller*, 264 N.W.2d 472, 477 (N.D.1978), when sufficiency of evidence is challenged on appeal we must view the evidence in the light most favorable to the verdict.

■ The evidence in this case indicates that the heroin was found under the back seat of Larson's car when it was searched pursuant to a search warrant. Other drug-related paraphernalia was found in the trunk, under the front seat, and in the pocket of a coat belonging to Larson. Larson argues that this circumstantial evidence does not establish that he possessed the heroin, when the undisputed direct proof places that possession in another, Matthias Lee.

Matthias Lee was a passenger in the back seat of Larson's car when it was stopped in Valley City. Lee testified that he purchased the heroin from Larson in Moorhead, Minnesota, and that it was in his exclusive possession at all times thereafter and that he placed it under the back seat when the car was stopped by the police.

The circumstantial evidence is not insubstantial. The jury is the judge of the credibility of the witnesses. A conviction based upon conflicting evidence, even when some is direct and some is circumstantial, will not be disturbed on appeal where there is substantial evidence to sustain the verdict. See *State v. Loucks*, 209 N.W.2d 772 (N.D. 1973).

In *State v. Allen*, 237 N.W.2d 154, 161 (N.D.1975), we said:

"Since the jury must weigh the evidence and determine the credibility of the witnesses in its role of determining guilt or innocence, we will reverse its decision only if the record presents no substantial evidence to support the verdict. In cases involving circumstantial evidence, our more specific role is merely to review the record to determine if there is competent evidence from which the jury could draw an inference reasonably tending to prove guilt and fairly warranting a conviction."

Larson bases his argument upon a statement made by the Montana Supreme Court in the case of *State v. Hood*, 89 Mont. 432, 298 P. 354, 355 (1931), which he says "is still considered good law." The Montana court said:

"The question before us is whether the foregoing evidence is sufficient to justify defendant's conviction. To justify a conviction of unlawful possession of a prohibited article, there must be proof of actual control and management of the thing prohibited.

". . . The evidence tending to connect him [the defendant] with the possession of cocaine is entirely circumstantial. This being so, the conviction cannot be sustained, unless the criminatory circumstances point so clearly to his guilt as to be inconsistent with any other rational hypothesis."

We find no quarrel with those general statements of the law; however, Larson fails to recognize the distinction that we made in *State v. Kaloustian*, 212 N.W.2d 843, 845 (N.D.1973), where we said:

"In *State v. Miller*, 202 N.W.2d 673 (N.D.1972); *State v. Champagne*, 198 N.W.2d 218 (N.D.1972), and *State v. Carroll*, 123 N.W.2d 659 (N.D.1963), we pointed out that the rule as to circumstantial evidence, *at the trial level*, is that such evidence must be conclusive and must exclude every reasonable hypothesis of innocence, *but at the appellate level* we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction."

[Emphasis supplied.]

We have reiterated the point on numerous occasions. See *State v. Allen, supra,* and more recently, *State v. Ghylin,* 250 N.W.2d 252 (N.D.1977); *State v. Schuler,* 243 N.W.2d 367 (N.D.1976); and *State v. Erickson,* 241 N.W.2d 854 (N.D.1976).

The jury had the privilege of disbelieving Matthias Lee when he claimed exclusive possession of the heroin. There was adequate circumstantial evidence in the case upon which an inference of guilt can rest. We affirm the judgment of conviction.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and BURDICK, Supreme Court Commissioner, concur.

BURDICK, Supreme Court Commissioner, sitting in place of PAULSON, J., disqualified.

BURDICK, Supreme Court Commissioner, concurring specially.

I concur with the opinion authored by Justice Pederson so far as it goes, but I believe that our decision deserves further elucidation.

"Possession" of controlled substances under statutes forbidding their possession may take several forms, all of which imply knowledge of the presence of the contraband, an essential element of the offense. See cases digested under West's Centennial Digest, Poisons, Key # 4.

■ Possession may be actual or constructive, joint or exclusive. Cases involving actual or exclusive possession pose little difficulty. If the heroin had been found on the person of the appellant, rather than under the rear seat of his vehicle, it is unlikely that his conviction would have been challenged.

The difficulty arises in cases, such as the case at bar, where the accused claims, through witnesses other than himself, that he did not have actual physical control of the contraband. The appellant relies heavily on the uncontradicted testimony of Matthias Lee. According to Lee, the appellant had transferred the heroin to him in Moorhead, Minnesota, just shortly before they drove to Valley City, North Dakota, under an arrangement whereby Lee would sell the heroin and pay the purchase price out of the proceeds of the sales.

■ If the jury gave no credence to Lee's testimony, the appellant was then in a position of having to refute the inference of exclusive, "actual" possession of the heroin that the jury could draw from the other incriminating circumstances noted by Justice Pederson. The fact that the appellant chose not to testify does not relieve him from the necessity of refuting inferences of fact that the jury may draw from incriminating circumstances. *State v. Mathews,* 4 Wash.App. 653, 484 P.2d 942 (1971).

■ On the other hand, if the jury gave credence to Lee's testimony that the appellant sold him the heroin shortly before they drove to Valley City, we then have a case where the appellant, as the owner and driver of the motor vehicle, was aware of the presence of the heroin in his vehicle and transported the heroin without objection from him. This is "constructive" possession. *People v. Rogers,* 5 Cal.3d 129, 95 Cal.Rptr. 601, 486 P.2d 129 (1971); *People v. Cirilli,* 265 Cal.App.2d 607, 71 Cal.Rptr. 604 (1968).

If the jury gave credence to all of Lee's testimony, it could then have found that the appellant and Lee had become joint venturers through the sale of the heroin to Lee under an agreed arrangement whereby appellant would be paid for the heroin from sales made by Lee. That is a classic case of "joint" possession. *State v. Grabowski,* 206 Kan. 532, 479 P.2d 830 (1971), *cert. denied,* 403 U.S. 918, 91 S.Ct. 2228, 29 L.Ed.2d 695 (1971).

Accordingly, it makes no difference whether the uncontradicted testimony of Lee should have been given any credence, some credence, or full credence. The evidence was sufficient to support a finding of willful possession of heroin under one of several well-recognized theories of possession.

SAND and VANDE WALLE, JJ., concur.